WEAVER, J.
(concurring). I concur in the result of the majority opinion and its conclusions that plaintiff suffered a specific loss of his left leg under MCL *262 418.361(2)(k) and that he qualifies for an award of total and permanent disability benefits under MCL 418.361(3)(b). The word “loss,” as used in both subsections of the statute, includes not only amputation but also those situations in which there is a loss of the usefulness of the limb or member.[1] As noted by Chief Justice TAYLOR, the Worker’s Compensation Appellate Commission (WCAC) essentially found that on these facts, plaintiff lost the usefulness of his left leg and that he accordingly was entitled to specific loss benefits for the loss of his left leg under MCL 418.361(2)(k). Ante at 258. There is competent evidence to support the WCAC’s factual finding and we must defer to the WCAC on this finding. Mudel v Great Atlantic & Pacific Tea Co, 462 Mich 691, 703; 614 NW2d 607 (2000). Further, plaintiff has suffered a “[l]oss of both legs” under MCL 418.361(3)(b) because his right leg has been amputated and he has lost the usefulness of his left leg. Consequently, he is entitled to total and permanent disability benefits. Therefore, I agree that the decisions of the WCAC and Court of Appeals should be affirmed.[2]
KELLY, J., concurred with WEAVER, J.

 Dictionary definitions of the word “loss” include: “failure to preserve or maintain” and “destruction, ruin.” Random House Webster’s New College Dictionary (1997).

 While I agree with some of the basic conclusions of the majority, as should he evident from the fact that I am concurring separately, I do not sign on to all of the lengthy analysis on which the majority relies to support its conclusions.